| Prob 22 (VAE Rev. 4/13) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)* <br> 4:21cr81-3 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* <br> 23-tp-20092-RUIZ |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: <br><br> Juan Suarez Roche | DISTRICT <br><br> EASTERN DISTRICT OF VIRGINIA | DIVISION <br><br> Newport News |
|---|---|---|

FILED BY_____ *JBS* _____ D.C.

**Dec 22, 2023**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

| NAME OF SENTENCING JUDGE <br><br> The Honorable Roderick C. Young | | |
|---|---|---|
| DATES OF PROBATION/SUPERVISED RELEASE: | FROM <br> 10/07/22 | TO <br> 10/06/25 |

**OFFENSE :**

Conspiracy to Commit Bank Fraud.

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>EASTERN DISTRICT OF VIRGINIA</u>

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern District Of Florida upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.

    <u>December 19, 2023</u>

*Date*

/s/ *[signature]*

Roderick C. Young
United States District Judge

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>SOUTHERN DISTRICT OF FLORIDA</u>

    IT IS HEREBY ORDERED that jurisdiction over the above-named supervised releasee be accepted and assumed by this Court from and after the entry of this order.

      12-20-23

*Effective Date*

*[signature]*

United States District Judge

Query    Reports    Utilities    Help    What's New    Log Out

CLOSED,INTERPRETER

## U.S. District Court
## Eastern District of Virginia - (Newport News)
## CRIMINAL DOCKET FOR CASE #: 4:21-cr-00081-EWH-DEM-3

Case title: USA v. Ortega et al

Date Filed: 12/13/2021

Date Terminated: 07/22/2022

---

Assigned to: District Judge Elizabeth W.
Hanes
Referred to: Magistrate Judge Douglas E.
Miller

### Defendant (3)

**Juan Suarez Roche**
*TERMINATED: 07/22/2022*
*also known as*
Juan Roche
*TERMINATED: 07/22/2022*

represented by **Suzanne Victoria Katchmar**
Office of the Federal Public Defender
500 East Main Street
Ste 500
Norfolk, VA 23510
757-457-0800
Fax: 757-457-0880
Email: suzanne_katchmar@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender*

### Pending Counts

T.18:1349 and 1344 - Conspiracy to
Commit Bank Fraud / T.18:982(a)(2)(A) -
Criminal Forfeiture
(1)

### Disposition

4 Months Imprisonment, 3 Years Supervised
Release, $100 Special Assessment,
Restitution: $26,500.00.

### Highest Offense Level (Opening)

Felony

### Terminated Counts

T.18:1344 & 2 - Bank Fraud
(2-9)

### Disposition

Dismissed on Government motion at
sentencing.

### Highest Offense Level (Terminated)

Felony

### Complaints

### Disposition

None

**Plaintiff**

**USA**                                                  represented by   **David M. Coleman**
United States Attorney Office (Newport
News-NA)
721 Lakefront Commons
Suite 300
Newport News, VA 23606
**\*\*NA\*\*\***
757-591-4028
Email: mack.coleman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*

**Devon Elise Alston Heath**
DOJ-USAO
One City Center
11815 Fountain Way
Suite 200
Newport News, VA 23606
757-591-4000
Email: devon.heath@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/13/2021 | 1 | INDICTMENT RETURNED AND FILED IN OPEN COURT as to Carlos Ortega (1) count(s) 1, 2-9, Jesus Gutierrez (2) count(s) 1, 2-9, Juan Roche (3) count(s) 1, 2-9. On motion of the Government, the Court directed warrants to be issued as to all defendants. (Attachments: # 1 Criminal Cover Sheet Ortega, # 2 Criminal Cover Sheet Gutierrez, # 3 Criminal Cover Sheet Roche) (jhie, ) (Entered: 12/14/2021) |
| 12/14/2021 | 7 | Arrest Warrant Issued and delivered to USM in case as to Juan Roche. (jhie, ) (Entered: 12/14/2021) |
| 01/12/2022 | | Set Hearings as to Juan Roche: Initial Appearance set for 1/12/2022 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask. (btit) (Entered: 01/12/2022) |
| 01/12/2022 | | Interpreter Information: Susan Posey is the Interpreter. Spanish is the type of language required. Appointment is set for Initial appearance 1/12/22 at 2:30 p.m. before Judge Krask. (tamarm, ) (Entered: 01/12/2022) |
| 01/12/2022 | | Arrest of Juan Roche (jhie, ) (Entered: 01/12/2022) |
| 01/12/2022 | 9 | Minute Entry for proceedings held before Magistrate Judge Robert J. Krask: Initial Appearance as to Juan Roche held on 1/12/2022 (Court Reporter FTR). Government appeared through AUSA Joe DePadilla; AFPD Rodolfo Cejas and interpreter Susan Posey present. Defendant present in custody and advised of rights, charges, and right to counsel. FPD appointed in open court. Government motion for detention; temporary detention |

| | | |
|---|---|---|
| | | ordered. Defendant remanded to custody of USM.<br>Detention Hearing set for 1/18/2022 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Douglas E. Miller. (jhie, ) (Entered: 01/12/2022) |
| 01/12/2022 | 10 | Arrest Warrant Returned Executed on 1/12/22 in case as to Juan Roche. (jhie, ) (Entered: 01/12/2022) |
| 01/12/2022 | 11 | ORDER - This matter comes before the Court on its own initiative. Pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116-182, 134 Stat. 894 (Oct. 21, 2020), the Court ORDERS the United States to adhere to the disclosure obligations set forth in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady v. Maryland instructs that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. 373 U.S. at 87. Failure to adhere to this requirement may result in serious consequences, up to and including vacating a conviction or disciplinary action against the prosecution. Having given counsel the oral admonition required by the Due Process Protections Act, this Order serves as the reminder of prosecutorial obligation and duties in accordance with Rule 5(f) and the Eastern District of Virginia Standing Order concerning the same as to Juan Roche. Signed by Magistrate Judge Robert J. Krask on 1/12/22. (jhie, ) (Entered: 01/12/2022) |
| 01/12/2022 | 12 | CJA 23 Financial Affidavit filed in open court by Juan Roche (jhie, ) (Entered: 01/12/2022) |
| 01/12/2022 | 13 | Temporary Detention Order as to Juan Roche. Signed by Magistrate Judge Robert J. Krask on 1/12/22. (jhie, ) (Entered: 01/12/2022) |
| 01/14/2022 | | Interpreter Information: Carola Green is the Interpreter. Spanish is the type of language required. Appointment is set for Detention Hearing set for 1/18/2022 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Douglas E. Miller as to Juan Roche. (tamarm, ) (Entered: 01/14/2022) |
| 01/18/2022 | 22 | Pretrial Services Bond REPORT (Initial Pretrial Services Bond Report) (SEALED - government and defense counsel) as to Juan Roche. (Aguerrebere, Katherine) (Entered: 01/18/2022) |
| 01/18/2022 | 23 | Pretrial Services Bond REPORT (Revised Pretrial Services Bond Report) (SEALED - government and defense counsel) as to Juan Roche. (Aguerrebere, Katherine) (Entered: 01/18/2022) |
| 01/18/2022 | 26 | Minute Entry for proceedings held before Magistrate Judge Douglas E. Miller:Arraignment and Detention Hearing as to Juan Roche held on 1/18/2022.<br><br>**Appearances**: AUSA Devon Heath for the Government, AFPD Amanda Conner for defendant. Defendant is present in custody. Spanish Interpreter Carola Green assists defendant. Detention hearing held. Proffer and argument presented. Court ordered defendant be released on p/r bond with conditions. Defendant waived formal arraignment, entered a plea of not guilty, demanded a trial by jury and wishes to be present for pretrial motions. Preliminary motions deadline set for 3 weeks. A status conference to be set with Judge Young. Defendant remanded until bond is signed. (Tape #FTR.)(cdod, ) (Entered: 01/24/2022) |
| 01/19/2022 | 24 | Pretrial Services Bond REPORT (Revised Pretrial Services Bond Report) (SEALED - government and defense counsel) as to Juan Roche. (Aguerrebere, Katherine) (Entered: 01/19/2022) |
| 01/19/2022 | | Set/Reset Hearings as to Carlos Ortega, Jesus Gutierrez, Juan Roche: Status Conference set for 2/2/2022 at 11:30 AM via Zoom before District Judge Roderick C. Young. (jjon) (Entered: 01/19/2022) |

| 01/24/2022 | 27 | ORDER Setting Conditions of Release as to Juan Roche (3). Signed by Magistrate Judge Douglas E. Miller on 1/20/22. (jhie, ) (Entered: 01/24/2022) |
|---|---|---|
| 01/24/2022 | 28 | Agreed Discovery Order as to Juan Roche. Signed by Magistrate Judge Lawrence R. Leonard on 1/24/22. (lwoo) (Entered: 01/24/2022) |
| 01/25/2022 | 32 | MOTION to Amend/Correct *Conditions of Release (Unopposed)* by Juan Roche. (Attachments: # 1 Proposed Order)(Katchmar, Suzanne) (Entered: 01/25/2022) |
| 01/26/2022 | 35 | ORDER granting 32 Motion to Amend Bond Conditions as to Juan Roche (3). It is ORDERED that the bond conditions will be amended to allow the Defendant to move to the new rental residence approved by the supervising United States Probation Officer. Signed by Magistrate Judge Douglas E. Miller on 1/26/22. (jhie, ) (Entered: 01/26/2022) |
| 02/02/2022 | 44 | Minute Entry for proceedings held before District Judge Roderick C. Young: Status Conference as to Carlos Ortega, Jesus Gutierrez, Juan Roche held on 2/2/2022. USA appeared through Devon Heath, AUSA. Fernando Groene, CJA, appeared on behalf of Carlos Ortega. Chad Dorsk, CJA, appeared on behalf of Jesus Gutierrez. Suzanne Katchmar, AFPD, appeared on behalf of Juan Roche. Defendants not present. The Government reviewed the charges and penalties on the record. Jury Trial (4 days) set for 3/21/2022 at 09:30 AM in Norfolk Courtroom 5 before District Judge Roderick C. Young. The Court is to issue an order. Court in recess.(Court Reporter Jill Trail, OCR.) (CJA Time: 11:29 a.m. - 11:33 a.m.) (jjon) (Entered: 02/02/2022) |
| 02/02/2022 | 45 | CRIMINAL SCHEDULING ORDER. Jury trial scheduled for 3/21/22 at 9:30 a.m.; see Order for related deadlines. Signed by District Judge Roderick C. Young on 2/2/22. (jhie, ) (Entered: 02/02/2022) |
| 02/28/2022 | | Set/Reset Hearings as to Juan Roche: Plea Agreement Hearing set for 3/17/2022 at 10:00 AM in Norfolk Courtroom 5 before District Judge Roderick C. Young. (jjon) (Entered: 02/28/2022) |
| 03/01/2022 | | Interpreter Information: Carola Morton is the Interpreter. Spanish is the type of language required. Appointment is set for Plea Agreement Hearing set for 3/17/2022 at 10:00 AM in Norfolk Courtroom 5 before District Judge Roderick C. Young as to Juan Roche (tamarm, ) (Entered: 03/01/2022) |
| 03/17/2022 | 50 | Minute Entry for proceedings held before District Judge Roderick C. Young: Plea Agreement Hearing as to Juan Roche held on 3/17/2022. USA appeared through Mack Coleman, AUSA. Defendant appeared through Suzanne Katchmar, AFPD, and was assisted by Spanish interpreter Carola Morton. Defendant sworn and advised of rights, charges and maximum penalties. Plea entered by Juan Roche (3) of Guilty to Count 1 - ACCEPTED. The Court FOUND the defendant GUILTY as to Count 1 of the Indictment. Sentencing set for 7/21/2022 at 01:15 PM in Norfolk Courtroom 5 before District Judge Roderick C. Young. Defendant continued on bond. All previously imposed conditions of release to remain in effect. (Court Reporter Jill Trail, OCR.) (jjon) (Entered: 03/18/2022) |
| 03/17/2022 | 51 | PLEA AGREEMENT as to Juan Roche. (jjon) (Entered: 03/18/2022) |
| 03/17/2022 | 52 | Statement of Facts as to Juan Roche. (jjon) (Entered: 03/18/2022) |
| 03/17/2022 | 53 | Sentencing Procedures Order as to Juan Roche. Signed by District Judge Roderick C. Young on 3/17/22. (jjon) (Entered: 03/18/2022) |
| 03/18/2022 | | Interpreter Information: Jaime de Castelvi is the Interpreter. Spanish is the type of language required. Appointment is set for Sentencing for 7/21/2022 at 1:15 p.m. before Judge Young in Courtroom Five as to Juan Roche. (tamarm, ) (Entered: 03/18/2022) |

| | | |
|---|---|---|
| 04/26/2022 | 59 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) as to Juan Roche. Objections to PSI due 6/30/22. Addendum due 7/1/2022 (mayes, travis) (Entered: 04/26/2022) |
| 04/28/2022 | 62 | Second MOTION to Amend/Correct *Bond Conditions* by Juan Roche. (Attachments: # 1 Proposed Order)(Katchmar, Suzanne) (Entered: 04/28/2022) |
| 05/18/2022 | 64 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Juan Roche. (wells-major, belinda) (Entered: 05/18/2022) |
| 06/06/2022 | 68 | ORDER granting 62 Second Motion to Amend Bond Conditions as to Juan Roche (3). It is ORDERED that the bond conditions will be amended to allow the Defendant to move to the new rental property approved by the U.S. Probation Officer. Signed by Magistrate Judge Douglas E. Miller on 6/6/22. (jhie, ) (Entered: 06/06/2022) |
| 07/07/2022 | 72 | Position on Sentencing by Juan Roche (Katchmar, Suzanne) (Entered: 07/07/2022) |
| 07/07/2022 | 73 | Position on Sentencing by USA as to Juan Roche (Heath, Devon) (Entered: 07/07/2022) |
| 07/21/2022 | 80 | Minute Entry for proceedings held before District Judge Roderick C. Young: Sentencing held on 7/21/2022 for Juan Suarez Roche (3). USA appeared through Mack Coleman and Devon Heath, AUSAs. Defendant appeared through Suzanne Katchmar, AFPD, and was assisted by Spanish interpreter Jaime de Castelvi. Court noted that defendant was not indicted under the correct name. Defendant's name should be Juan Suarez Roche. Government motion to amend indictment to correct defendant's last name. No objection by counsel or defendant. Court made findings as stated on record and granted motion to amend indictment. Parties amended indictment as stated on the record and initialed changes that were made. Court directed that clerk change docket sheet and probation officer change the PSR to reflect defendant's correct name. Amended indictment filed in open court. PSR reviewed. Court directed changes be made to PSR as stated on the record. Defense motion for downward variance and Government motion for acceptance of responsibility. Argument of counsel. Statement by defendant. Court DENIED defense motion for downward variance and GRANTED Government motion for acceptance of responsibility. SENTENCE: Count(s) 1 - 4 Months Imprisonment, 3 Years Supervised Release, $100 Special Assessment, Restitution: $26,500.00. Count(s) 2-9 - Dismissed on Government motion at sentencing. Defense motion for self-surrender. No objection by Government. Court GRANTED motion. Defendant continued on bond and shall surrender for service of sentence or report to local Federal Courthouse in Florida by 10:00 a.m. on 8/24/22 to begin service of sentence. (Court Reporter Jill Trail, OCR.) (jjon) (Entered: 07/21/2022) |
| 07/21/2022 | 81 | Amended Indictment as to Juan Suarez Roche filed in open court on 7/21/22. (jjon) (Entered: 07/21/2022) |
| 07/21/2022 | 82 | Restitution Order as to Juan Suarez Roche. Signed by District Judge Roderick C. Young on 7/21/22. (jjon) (Entered: 07/21/2022) |
| 07/22/2022 | 83 | JUDGMENT as to Juan Suarez Roche (3): Count 1, 4 Months Imprisonment, 3 Years Supervised Release, $100 Special Assessment, Restitution: $26,500.00; Counts 2-9, Dismissed on Government motion at sentencing. Signed by District Judge Roderick C. Young on 7/22/22. (jhie, ) (Entered: 07/22/2022) |
| 07/22/2022 | 84 | Sealed Statement of Reasons as to Juan Suarez Roche. Signed by District Judge Roderick C. Young on 7/22/22. (jhie, ) (Entered: 07/22/2022) |
| 08/15/2022 | | Case as to Carlos Ortega, Jesus Gutierrez, Juan Suarez Roche Reassigned to District Judge Elizabeth W. Hanes. District Judge Roderick C. Young no longer assigned to the case. |

| | | |
|---|---|---|
| | | (afar) (Entered: 08/15/2022) |
| 10/02/2022 | <u>90</u> | PRESENTENCE INVESTIGATION REPORT (Final Presentence Investigation Report) (SEALED - government and defense counsel) as to Juan Suarez Roche. (Smyre, Tiffany) (Entered: 10/02/2022) |



IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

FILED
IN OPEN COURT

DEC 1 3 2021

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:21-cr-81 |
| | ) | |
| CARLOS ORTEGA, | ) | 18 U.S.C. § 1349 |
| (Counts 1-9) | ) | Conspiracy to Commit Bank Fraud |
| | ) | (Count 1) |
| JESUS GUTIERREZ, | ) | |
| (Counts 1-9) | ) | 18 U.S.C. §§ 1344 and 2 |
| | ) | Bank Fraud |
| and | ) | (Counts 2-9) |
| | ) | |
| JUAN ROCHE, | ) | 18 U.S.C. § 982(a)(2)(A) |
| (Counts 1-9) | ) | Criminal Forfeiture |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

December 2021 Term – at Newport News, Virginia

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.   CARLOS ORTEGA, and JESUS GUITERREZ, the defendants herein, resided in the State of Texas.

2.   JUAN ROCHE, the defendant herein, resided in the State of Florida.

3.   In or about October 2021, victim J.W. mailed several bills with personal checks inside by placing them in a blue postal collection box located on Mercury Boulevard in Newport News, Virginia, in the Eastern District of Virginia.

4.   Victim J.W. was alerted that not all the checks arrived at their intended destination.

5.    In or about October 2021, ORTEGA, GUTIERREZ, ROCHE, and COCONSPIRATOR 1 met with each other at a hotel located in the State of North Carolina where they stayed for about a week and a half before traveling to the State of Virginia to pick up and negotiate the below-described forged checks at financial institutions in the Newport News Division of the Eastern District of Virginia.

6.    On or about November 4, 2021, ORTEGA, GUTIERREZ, ROCHE, and COCONSPIRATOR 1 picked up the following 8 forged/counterfeited checks, drawn on the account of victims J.W. and J.W., from a FedEx store located in Richmond, Virginia, that were mailed there by COCONSPIRATOR 2.

      a.    Check number 214 drawn on the account of J.W. and J.W. fraudulently made payable to Jesus Gutierrez in the amount of $7,000.00.

      b.    Check number 206 drawn on the account of J.W. and J.W. fraudulently made payable to Juan Roche in the amount of $6,600.00.

      c.    Check number 213 drawn on the account of J.W. and J.W fraudulently made payable to Carlos Ortega in the amount of $6,900.00.

      d.    Check number 211 drawn on the account of J.W. and J.W. fraudulently made payable to coconspirator 1 in the amount of $6,000.00.

      e.    Check number 205 drawn on the account of J.W. and J.W. fraudulently made payable to Jesus Gutierrez in the amount of $7,600.00.

      f.    Check number 215 drawn on the account of J.W. and J.W. fraudulently made payable to Juan Roche in the amount of $8,000.00.

      g.    Check number 212 drawn on the account of J.W. and J.W. fraudulently made payable to Carlos Ortega in the amount of $6,400.00.

   h. Check number 210 drawn on the account of J.W. and J.W. fraudulently made

    payable to coconspirator 1 in the amount of $6,000.00.

  7. The U.S. currency that was to be obtained by ORTEGA, GUTIERREZ, ROCHE

and COCONSPIRATOR 1 by cashing these forged checks was to be sent to COCONSPIRATOR

2 to promote the carrying on of the unlawful activity and ORTEGA, GUTIERREZ, ROCHE and

COCONSPIRATOR 1 were to be given a portion of the proceeds as payment.

  8. On or about November 4, 2021, ORTEGA, GUTIERREZ, ROCHE, and

COCONSPIRATOR 1, aided and abetted by each other and others known and unknown,

negotiated the forged/counterfeited checks at the following financial institutions in the Eastern

District of Virginia:

   a. Bayport Federal Credit Union, **** Denbigh Boulevard in Newport News,

    Virginia (check number 214, drawn on the account of J.W. and J.W. fraudulently

    made payable to Jesus Gutierrez in the amount of $7,000.00).

   b. Bayport Federal Credit Union, **** Warwick Boulevard in Newport News,

    Virginia (check number 206, drawn on the account of J.W. and J.W. fraudulently

    made payable to Juan Roche in the amount of $6,600.00).

   c. Bayport Federal Credit Union, **** George Washington Memorial Highway in

    Yorktown Virginia (check number 213, drawn on the account of J.W. and J.W.

    fraudulently made payable to Carlos Ortega in the amount of $6,900.00).

   d. Bayport Federal Credit Union, **** Bayport Way in Newport News Virginia

    (check number 211, drawn on the account of J.W. and J.W. fraudulently made

    payable to coconspirator 1 in the amount of $6,000.00).

    e.   Bayport Federal Credit Union, **** Big Bethel Road in Hampton Virginia (check number 205, drawn on the account of J.W. and J.W. fraudulently made payable to Jesus Gutierrez in the amount of $7,600.00).

    f.   Bayport Federal Credit Union, **** Marshall Avenue in Newport News Virginia (check number 215, drawn on the account of J.W. and J.W. fraudulently made payable to Juan Roche in the amount of $8,000.00).

    g.   Bayport Federal Credit Union, **** Cunningham Drive in Hampton Virginia (check number 212, drawn on the account of J.W. and J.W. fraudulently made payable to Carlos Ortega in the amount of $6,400.00).

    h.   Bayport Federal Credit Union, **** Huntington Avenue in Newport News Virginia (check number 210, drawn on the account of J.W. and J.W. fraudulently made payable to coconspirator 1 in the amount of $6,000.00).

9.     At no point did victims J.W. and J.W. ever give anyone permission to possess their personal identifying information including their bank account information.

10.    At no point did victims J.W. and J.W. write check numbers 205-214 on their Bayport Federal Credit Union account ending in 1989.

11.    Bayport Federal Credit Union is a financial institution, as defined by Title 18, United States Code, Section 20. Bayport Federal Credit Union is a credit union with accounts insured by the National Credit Union Share Insurance Fund.

COUNT ONE
(Conspiracy to Commit Bank Fraud)

THE GRAND JURY CHARGES THAT:

1.      The factual allegations set forth in the General Allegations are incorporated herein as if set out in full.

2.      Beginning on a date unknown, but believed to be no later than in or about September 2021, and continuing until on or about at least November 4, 2021, the exact dates being unknown, in the Eastern District of Virginia and elsewhere, ORTEGA, GUTIERREZ, and ROCHE, the defendants herein, along other conspirators known and unknown, did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown, to commit the following offense against the United States: to knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain money, funds, assets, securities, and other property owned by and under the custody and control of a financial institution as defined under Title 18, United States Code, Section 20, by means of materially false and fraudulent pretenses, representations and promises in violation of Title 18, United States Code, Section 1344.

WAYS, MANNER, AND MEANS OF THE CONSPIRACY

The ways, manner, and means by which the foregoing objectives of the conspiracy to commit bank fraud were to be accomplished included, but were not limited to, the following:

3.      The primary purpose of the conspiracy and the scheme and artifice was for conspirators to obtain through fraudulent means money, credits, assets, securities, and other property owned by and under the control of financial institutions located in the Eastern District of

5

Virginia and elsewhere, including Bayport Federal Credit Union, by negotiating counterfeit checks drawn against the accounts of Bayport Federal Credit Union customers.

4.      It was part of the scheme and artifice that conspirators, known and unknown, broke into and stole mail from inside of blue postal collection boxes hoping to find checks belonging to unwitting victims.

5.      It was further part of the scheme and artifice that the conspirators, known and unknown, stole those victims' financial information and other personally identifying information.

6.      It was further part of the scheme and artifice that the conspirators, known and unknown, made counterfeit checks payable to ORTEGA, GUTIERREZ, ROCHE, and other conspirators, known and unknown.

7.      It was further part of the scheme and artifice that the conspirators, known and unknown, contacted the Bayport Federal Credit Union and made false representations that they were the account holder and wished to change the contact number to guard against the fraud being contemporaneously detected.

8.      It was further part of the scheme and artifice that ORTEGA, GUTIERREZ, JUAN ROCHE, and other conspirators, known and unknown, presented the fraudulent checks and, in so doing, drew against the bank accounts of unwitting victims who did not benefit from or otherwise authorize these transactions.

9.      It was further part of the scheme and artifice that ORTEGA, GUTIERREZ, JUAN ROCHE, and other conspirators, known and unknown traveled from the States of Texas and Florida to the Commonwealth of Virginia to carry out this fraud.

(In violation of Title 18, United States Code, Sections 1349 and 1344.)

COUNT TWO THROUGH NINE
(Bank Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

1.　　　The factual allegations set forth in the General Allegations are incorporated herein as if set out in full.

2.　　　On or about the dates and in the matter set forth below, in the Eastern District of Virginia and elsewhere, CARLOS ORTEGA, JESUS GUTIERREZ, and JUAN ROCHE, the defendants herein, aided and abetted by others, along with other conspirators known and unknown, did knowingly and willfully attempt to execute a scheme and artifice to defraud and to obtain the moneys, funds, credits, assets, and securities owned by and under the custody and control of Bayport Federal Credit Union, which is a financial institution under Title 18, United States Code, Section 20, by means of the materially false and fraudulent pretenses, representations, and promises identified below:

| Count | Date (on or about) | Description of Transaction |
|---|---|---|
| 2 | 11/4/2021 | The defendants traveled to Bayport Federal Credit Union at **** Denbigh Boulevard in Newport News, Virginia. GUTIERREZ negotiated forged check number 214, issued by victims J.W. and J.W. to Jesus Gutierrez in the amount of $7,000.00. |
| 3 | 11/4/2021 | The defendants traveled to Bayport Federal Credit Union at **** Warwick Boulevard in Newport News, Virginia.  ROCHE negotiated forged check number 206, issued by victims J.W. and J.W. to ROCHE in the amount of $6,600.00. |
| 4 | 11/4/2021 | The defendants traveled to Bayport Federal Credit Union at **** George Washington Memorial Highway in Yorktown Virginia. ORTEGA negotiated forged check number 213, issued by victims J.W. and J.W. to ORTEGA in the amount of $6,900.00. |

7

| 5 | 11/4/2021 | The defendants traveled to Bayport Federal Credit Union at **** Bayport Way in Newport News Virginia. COCONSPIRATOR 1 negotiated forged check number 211, issued by victims J.W. and J.W. to coconspirator 1 in the amount of $6,000.00. |
|---|---|---|
| 6 | 11/4/2021 | The defendants traveled to Bayport Federal Credit Union at **** Big Bethel Road in Hampton Virginia. GUTIERREZ negotiated forged check number 205, issued by victims J.W. and J.W. to GUTIERREZ in the amount of $7,600.00. |
| 7 | 11/4/2021 | The defendants traveled to Bayport Federal Credit Union at **** Marshall Avenue in Newport News, Virginia. ROCHE negotiated forged check number 215, issued by victims J.W. and J.W. to ROCHE in the amount of $8,000.00. |
| 8 | 11/4/2021 | The defendants traveled to Bayport Federal Credit Union at **** Cunningham Drive in Hampton, Virginia. ORTEGA negotiated forged check number 212, issued by victims J.W. and J.W. to ORTEGA in the amount of $6,400.00. |
| 9 | 11/4/2021 | The defendants traveled to Bayport Federal Credit Union at **** Huntington Avenue in Newport News, Virginia. COCONSPIRATOR 1 negotiated forged check number 210, issued by victims J.W. and J.W. to coconspirator 1 in the amount of $6,000.00. |

(In violation of Title 18, United States Code, Sections 1344 and 2.)

<u>FORFEITURE</u>

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.      The defendants, if convicted of any of the violations alleged in this indictment,

shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal

Procedure 32.2, any property constituting, or derived from, proceeds obtained directly or

indirectly, as a result of the violation.

2.      If any property that is subject to forfeiture above is not available, it is the intention

of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United

States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with Title 18, United States Code, Section 982(a)(2)(A).)

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office

UNITED STATES v. CARLOS ORTEGA, et al.
4:21-cr- 81

A TRUE BILL:

REDACTED COPY

_____
F O R E P E R S O N

Jessica D. Aber
United States Attorney

By: _____
Devon Heath
Assistant United States Attorneys
Eastern District of Virginia
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax:    (757) 591-0866
Email:  devon.heath@usdoj.gov

By: _____
D. Mack Coleman
Assistant United States Attorneys
Eastern District of Virginia
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax:    (757) 591-0866
Email:  mack.coleman@usdoj.gov

**REDACTED**

JS 45 (11/2002)

## Criminal Case Cover Sheet

**U.S. District Court**

| Place of Offense: | | Under Seal: Yes ☐ No ☒ | Judge Assigned: |
|---|---|---|---|
| City: EDVA | Superseding Indictment: | | **Criminal Number** |
| County/Parish: | Same Defendant: | | New Defendant: |
| | Magistrate Judge Case Number: | | **Set arraignment** |
| | Search Warrant Case Number: | | |
| | R 20/R 40 from District of _____ . | | |

### Defendant Information:

| Juvenile: Yes ☐ No ☒ | | FBI#: | | | | | |
|---|---|---|---|---|---|---|---|
| Defendant Name: CARLOS ORTEGA | | | Alias Name(s): | | | | |
| Address: Hildalgo, TX 78516 | | | | | | | |
| Employment: | | | | | | | |
| Birth Date: 2001 | SS#: 5832 | Sex: M | Race: | | Nationality: | | Place of Birth: |
| Height: | Weight: | Hair: | | Eyes: | | Scars/Tattoos: | |
| Interpreter: Yes ☐ No ☒ | List Language and/or dialect: | | | | | | |

### Location Status:

| Arrest Date: | |
|---|---|
| ☐ Already in Federal Custody as of: _____ on: __. | |

| ☒ Already in State Custody | ☐ On Pretrial Release | ☐ Not in Custody |
|---|---|---|
| ☒ Arrest Warrant Requested | ☐ Fugitive | ☐ Summons Requested |
| ☐ Arrest Warrant Pending | ☒ Detention Sought | ☐ Bond |

### Defense Counsel Information:

| Name: | ☐ Court Appointed |
|---|---|
| Address: | |
| | ☐ Retained |
| Telephone: | ☐ Public Defender |
| | ☐ Office of Federal Public Defender should not be appointed due to conflict of interest |
| | ☐ CJA attorney: |

### U.S. Attorney Information:

| AUSA Devon Heath /AUSA D. Mack Coleman | Telephone No. 757-591-4000 | Bar #: |
|---|---|---|

### Complainant Agency, Address & Phone Number or Person & Title:

| US Postal Service– Postal Inspector Keith Moore |
|---|

### U.S.C. Citations:

| | | | | |
|---|---|---|---|---|
| Set 1 | 18 U.S.C. § 1349 | Conspiracy to Commit Bank Fraud | Felony | Count 1 |
| Set 2 | 18 U.S.C. §§ 1344 and 2 | Bank Fraud | Felony | Counts 2-9 |
| Set 3 | 18 U.S.C. § 982(a)(2)(A) | Criminal Forfeiture | | |
| Set 4 | | | | |

**REDACTED**

JS 45 (11/2002)
## Criminal Case Cover Sheet                                    U.S. District Court

| Place of Offense: | Under Seal: Yes ☐  No ☒ | Judge Assigned: |
|---|---|---|
| City:   EDVA | Superseding Indictment: | **Criminal Number** |
| County/Parish: | Same Defendant: | New Defendant: |
| | Magistrate Judge Case Number: | **Set arraignment** |
| | Search Warrant Case Number: | |
| | R 20/R 40 from District of _____ . | |

### Defendant Information:

| Juvenile:  Yes ☐   No ☒ | FBI#: | | | | | |
|---|---|---|---|---|---|---|
| Defendant Name:   **JESUS GUTIERREZ** | | Alias Name(s): | | | | |
| **Address:**      Hildalgo, TX  78577 | | | | | | |
| **Employment:** | | | | | | |
| **Birth Date:**  2002 | **SS#:**  4155 | Sex: M | Race: | Nationality: | | Place of Birth: |
| Height: | Weight: | Hair: | Eyes: | | Scars/Tattoos: | |
| Interpreter:  Yes ☐   No ☒ | List Language and/or dialect: | | | | | |

### Location Status:

| Arrest Date: | |
|---|---|
| ☐ Already in Federal Custody as of: _____ on: __. | |

| ☒ Already in State Custody | ☐ On Pretrial Release | ☐ Not in Custody |
|---|---|---|
| ☒ Arrest Warrant Requested | ☐ Fugitive | ☐ Summons Requested |
| ☐ Arrest Warrant Pending | ☒ Detention Sought | ☐ Bond |

### Defense Counsel Information:

| Name: | ☐ Court Appointed |
|---|---|
| Address: | ☐ Retained |
| Telephone: | ☐ Public Defender |
| | ☐ Office of Federal Public Defender should not be appointed due to conflict of interest |
| | ☐ CJA attorney: |

### U.S. Attorney Information:

| AUSA Devon Heath /AUSA D. Mack Coleman | Telephone No.  757-591-4000 | Bar #: |
|---|---|---|

### Complainant Agency, Address & Phone Number or Person & Title:

| US Postal Service– Postal Inspector Keith Moore |
|---|

**U.S.C. Citations:**

| | | | | |
|---|---|---|---|---|
| Set 1 | 18 U.S.C. § 1349 | Conspiracy to Commit Bank Fraud | Felony | Count 1 |
| Set 2 | 18 U.S.C. §§ 1344 and 2 | Bank Fraud | Felony | Counts 2-9 |
| Set 3 | 18 U.S.C. § 982(a)(2)(A) | Criminal Forfeiture | | |
| Set 4 | | | | |

**REDACTED**

JS 45 (11/2002)

## Criminal Case Cover Sheet

**U.S. District Court**

| Place of Offense: | Under Seal: Yes ☐  No ☒ | Judge Assigned: |
|---|---|---|
| City:   EDVA | Superseding Indictment: | **Criminal Number** |
| County/Parish: | Same Defendant: | New Defendant: |
|  | Magistrate Judge Case Number: | **Set arraignment** |
|  | Search Warrant Case Number: |  |
|  | R 20/R 40 from District of _____ . |  |

### Defendant Information:

Juvenile:  Yes ☐    No ☒      **FBI#:**

| Defendant Name:     JUAN ROCHE | **Alias Name(s):** |

**Address:**          Hialeah, FL 33013

**Employment:**

| **Birth Date:**   1959 | **SS#:**  2155 | **Sex:** M | **Race:** | **Nationality:** | **Place of Birth:** |
| **Height:** | **Weight:** | **Hair:** | **Eyes:** | **Scars/Tattoos:** | |

**Interpreter:  Yes ☒    No ☐**  List Language and/or dialect:   SPANISH

### Location Status:

Arrest Date:

☐ Already in Federal Custody as of: _____ on: __.

| ☒ Already in State Custody | ☐ On Pretrial Release | ☐ Not in Custody |
| ☒ Arrest Warrant Requested | ☐ Fugitive | ☐ Summons Requested |
| ☐ Arrest Warrant Pending | ☒ Detention Sought | ☐ Bond |

### Defense Counsel Information:

| Name: | ☐ Court Appointed |
| Address: | ☐ Retained |
| Telephone: | ☐ Public Defender |
|  | ☐ Office of Federal Public Defender should not be appointed due to conflict of interest |
|  | ☐ CJA attorney: |

### U.S. Attorney Information:

| AUSA Devon Heath /AUSA D. Mack Coleman | Telephone No.  757-591-4000 | Bar #: |

### Complainant Agency, Address & Phone Number or Person & Title:

US Postal Service– Postal Inspector Keith Moore

**U.S.C. Citations:**

| Set 1 | 18 U.S.C. § 1349 | Conspiracy to Commit Bank Fraud | Felony | Count 1 |
|---|---|---|---|---|
| Set 2 | 18 U.S.C. §§ 1344 and 2 | Bank Fraud | Felony | Counts 2-9 |
| Set 3 | 18 U.S.C. § 982(a)(2)(A) | Criminal Forfeiture | | |
| Set 4 | | | | |

AO 245B (Rev. 09/19) (VAE 01/22)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
Newport News Division

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | ) | |
| v. | ) | Case Number: 4:21cr81-3 |
| | ) | |
| JUAN SUAREZ ROCHE | ) | USM Number: 81602-509 |
| | ) | |
| | ) | Defendant's Attorney: Suzanne Katchmar, AFPD |
| | ) | |
| | ) | |

The defendant pleaded guilty to Count 1.

The defendant is adjudged guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 and 1344 | Conspiracy to Commit Bank Fraud | 11/4/2021 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s)

Count(s) 2, 3, 4, 5, 6, 7, 8 & 9   ☐ is   ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/21/2022
Date of Imposition of Judgment

/s/
Signature of Judge

Roderick C. Young, United States District Judge
Name and Title of Judge

7/22/2022
Date

AO 245B (Rev. 09/19) (VAE 11/21) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Page 2 of 7

| | |
|---|---|
| **Case Number:** | 4:21cr81-3 |
| **Defendant's Name:** | Roche, Juan |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 4 MONTHS ON COUNT 1. The defendant shall receive credit for time served pursuant to 18 U.S.C. § 3585.

The Court makes the following recommendations to the Bureau of Prisons:

1. The defendant shall receive educational and vocational training while incarcerated.
2. The defendant shall receive an evaluation for the need of substance abuse treatment and mental health treatment while incarcerated.
3. The Court recommends that the defendant be housed as close to his/her family in Miami, Florida as possible.

The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒ by 10 a.m. on 8/24/22.

☐ as notified by the United States Marshal.

☒ If the defendant is not notified of the institution designated, defendant shall report to the United States Marshal at local Federal Courthouse in Florida:

☒ by 10 a.m. on 8/24/22.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this Judgment.

_____ _____

UNITED STATES MARSHAL

By     _____ _____

DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) (VAE 11/21) Judgment in a Criminal Case

Sheet 3 – Supervised Release

| | |
|---|---|
| **Case Number:** | 4:21cr81-3 |
| **Defendant's Name:** | Roche, Juan |

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of 3 YEARS ON COUNT 1.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19) (VAE 11/21) Judgment in a Criminal Case

Sheet 3 – Supervised Release

Page 4 of 7

| | |
|---|---|
| **Case Number:** | **4:21cr81-3** |
| **Defendant's Name:** | **Roche, Juan** |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov

Defendant's Signature _____ Date

AO 245B (Rev. 09/19) (VAE 11/21) Judgment in a Criminal Case

Sheet 3A – Supervised Release

Page 5 of 7

---

**Case Number:**     **4:21cr81-3**
**Defendant's Name:**     **Roche, Juan**

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is prohibited from engaging in any aspect of the banking business, or any similar occupation where the defendant would have access to money.
2. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, to the outstanding Court-ordered financial obligation, or in a lesser amount to be determined by the Court, upon the recommendation of the probation officer.
3. The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.
4. The defendant shall provide the probation officer access to any requested financial information.
5. The defendant shall participate in a program approved by the United States Probation office for financial counseling. The cost of this program is to be paid by the defendant as directed by the probation officer.
6. The offender shall participate in the Treasury Offset Program (TOP) as directed by the probation officer.

AO 245B (Rev. 09/19) (VAE 11/21) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Page 6 of 7

| Case Number: | 4:21cr81-3 |
|---|---|
| Defendant's Name: | Roche, Juan |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment\*** | **JVTA Assessment\*\*** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00\* | $ 26,500.00 | $ | $ | $ |

\*Special assessment has been paid in full as of 3/17/22.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

**See Restitution Order entered and filed in open court on 7/21/22.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ | $ | |

☒ Restitution amount ordered pursuant to plea agreement  **$26, 500.00**

☒ If restitution is not paid in full immediately, the defendant shall pay to the Clerk at least $50 per month or 25% of net income, whichever is greater, beginning 60 days after release from any period of confinement, or 60 days after sentencing if no confinement is imposed.

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the ☐ fine ☒ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19) (VAE 11/21) Judgment in a Criminal Case                                                              Page 7 of 7
Sheet 6 – Schedule of Payments

| | |
|---|---|
| Case Number: | 4:21cr81-3 |
| Defendant's Name: | Roche, Juan |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐   Lump sum payment of $_____ due immediately, balance due
      ☐   not later than _____ , or
      ☐   in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒   Payment to begin immediately (may be combined with ☐ C, ☒ D, or ☒ F below); or

**C** ☐   Payment in equal    *(e.g., weekly, monthly, quarterly)* installments of $    over a period of    *(e.g., months or years)*, to commence    *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☒   Payment in equal monthly installments of not less than $    per month, to commence 60 days after release from imprisonment to a term of supervision; or

**E** ☐   Payment during the term of supervised release will commence within    *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒   Special instructions regarding the payment of criminal monetary penalties:
      Restitution may be subject to penalties for default and delinquency.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

☒   Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| Carlos Ortega (4:21cr81-1) | $26,500.00 | $26,500.00 | |
| Jesus Gutierrez (4:21cr81-2) | | | |

Any other defendants ordered to pay
restitution for the same losses.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.